# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 09-126 (DWF/RLE) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Marcus James Neadeau, | |
| Defendant. | |

Marcus James Neadeau, Defendant, *Pro Se*, Robert H. Meyers, Assistant Federal Defender, Federal Defender's Office, counsel for Defendant.

Michael L. Cheever, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

# INTRODUCTION

This matter is before the Court on Defendant Marcus James Neadeau's ("Defendant") motion for a sentence reduction pursuant to Section 404 of the First Step Act. (Doc. Nos. [476], [482].) The United States of America (the "Government") supports Defendant's motion. (Doc. No. [483].)

Defendant requests that his sentence be reduced to a term of imprisonment of time served and a term of supervised release of eight years. Defendant also requests that if the Court is not inclined to reduce his term of imprisonment to time served that the Court grant Defendant a resentencing hearing in order to make further arguments. The Government agrees that a sentence reduction lowering both Defendant's terms of

imprisonment and supervised release is warranted, but requests that he receive a term of imprisonment of 168 months instead of time served. Alternatively, if the Court is inclined to reduce Defendant's term of imprisonment to time served, the Government requests that his term of supervised release be amended to include at least four months in a residential re-entry center to support Defendant's successful transition out of incarceration.

For the reasons set forth below, the Court grants Defendant's motion for a sentence reduction.[1]

## BACKGROUND

On October 8, 2009, a jury found Defendant guilty of a single count of conspiring to distribute, or possess with intent to distribute, 50 or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. No. 225.) On May 3, 2010, this Court sentenced Defendant to a term of 240 months' imprisonment, to be followed by a ten-year period of supervised release. (Doc. Nos. 292, 293.) Defendant appealed, and the Eighth Circuit affirmed his conviction and sentence on April 7, 2011. (Doc. Nos. 328, 329; *United States v. Neadeau*, 639 F.3d 453 (8th Cir. 2011).) Defendant timely filed a *pro se* motion under 28 U.S.C. § 2255 to vacate his sentence on the grounds that his trial counsel provided ineffective assistance through a variety of failures to act. (Doc. No. 336.) This Court denied the motion, finding that Defendant's

---

[1] As noted below, Defendant initially filed a *pro se* motion for relief on the same grounds. (Doc. No. 476.) While the Court carefully reviewed and considered his earlier submission, the motion is moot due to the subsequent motion filed with the assistance of Defendant's attorney. (Doc. No. 482.)

claims lacked merit and did not justify the issuance of a certificate of appealability. (Doc. No. 352.)

Defendant initially moved *pro se* for a reduction in sentence. (Doc. No. 476.) This Court granted Defendant's subsequent motion to appoint counsel. (Doc. Nos. 479, 480.) Defendant, through counsel, filed his motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"), on May 6, 2019. (Doc. No. 482.) The Government filed its response expressing qualified support for the motion on the next day. (Doc. No. 483.)

At sentencing, this Court articulated its reasoning for the terms imposed based on careful consideration of the record and all applicable sentencing criteria, including Defendant's Presentence Investigation Report ("PSR"), the applicable United States Sentencing Guidelines (the "Guidelines"), and the sentencing factors outlined under 18 U.S.C. § 3553(a). (*See generally* Doc. No. 300.) The Government filed an information to establish Defendant's prior convictions, thereby making him subject to increased punishment under 21 U.S.C. § 851(b). (*Id.* at 11.) The Government requested that the Court apply a two-level enhancement for obstruction under the Guidelines, which would have raised Defendant's total offense level from 30 to 32 and, combined with his criminal history category ("CHC") of IV, would have raised his Guidelines sentencing range from a term of 135 to 168 months' imprisonment to 168 to 210 months' imprisonment. (*Id.* at 24, 42.)

The Court explained that despite serious concerns about Defendant's conduct directed toward witnesses in his case, application of the obstruction enhancement was not

appropriate. (*Id.* at 40-41.) The Court further explained that while Defendant's vocational and educational needs could be met during a term of imprisonment at the low end of his resulting Guidelines range (135 months), other 3553(a) factors called for a longer sentence. (*Id.* at 44, 46-48.) The Court stated clearly that it did not "believe that 240 months," the applicable mandatory minimum term of imprisonment, was necessary, and that it was "imposing it for one reason, and for one reason only: It is the mandatory minimum." (*Id.* at 46-47.) The Court further noted that the requirement of a 240-month minimum "may get changed in the future." (*Id.* at 49.) However, the Court also made clear that without the mandatory minimum, it "would be imposing nothing less than 168 months." (*Id.* at 47.) Only a term of imprisonment of no less than 168 months, and up to 180 months, "would fit the 3553(a) factors" under the circumstances, if no mandatory minimum of even five or ten years applied. (*Id.* at 47-49, 51.)

Defendant is currently scheduled to be released on November 30, 2026.[2]

## DISCUSSION

### I. First Step Act of 2018

The First Step Act was enacted into law on December 21, 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194. Previously, in 2010, Congress enacted the Fair Sentencing Act, which reduced the disparity in sentencing between offenses involving crack and powder

---

[2] The Bureau of Prisons' inmate locator website continues to list this date of release as of the date of this Order. Inmate Locator, *Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Aug. 5, 2019) ("Inmate Locator"). As both parties have noted, this date reflects a calculation under Defendant's original sentence without the benefit of the increase in good conduct time authorized under the First Step Act.

4

cocaine. *See* 124 Stat. 2372 (codified at 21 U.S.C. § 841(b)(1)). The Fair Sentencing Act changed the drug quantities required to trigger certain mandatory minimum sentences, raising the amount required to trigger the mandatory minimum of ten years (twenty years with enhancement) from more than 50 grams of crack cocaine to more than 280 grams. *See* 21 U.S.C. § 841(b)(1)(A)(iii). These changes resulted in more lenient mandatory minimum sentences for convictions under 21 U.S.C. § 841 for those who committed a crack cocaine offense before August 3, 2010 but were not sentenced until after that date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012). The Fair Sentencing Act was not retroactive, however, meaning that sentences from before August 3, 2010 remained as originally imposed. *Dorsey*, 567 U.S. at 281; *United States v. Orr*, 636 F.3d 944, 958 (8th Cir. 2011).

Section 404 of the First Step Act makes the provisions of the Fair Sentencing Act retroactive for those convicted of covered offenses, defined as violations "of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" and "committed before August 3, 2010." First Step Act § 404(a). Specifically, Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Section 404(c) outlines the limitations to such relief, providing that a defendant is not eligible for a sentence reduction under the First Step Act if that person's sentence was already imposed or reduced in accordance with the Fair Sentencing Act or if a previous motion for such a reduction was denied on its merits.

5

Finally, Section 404 states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c).

Defendant was sentenced pursuant to 21 U.S.C. § 841(b)(1)(A), which is included in Section 2(a) of the Fair Sentencing Act. Pursuant to the changes in quantities made, a conviction under 21 U.S.C. § 841(b)(1)(A) now involves a quantity of 280 grams or more of a mixture or substance containing cocaine base. 21 U.S.C. § 841(b)(1)(A)(iii) (2018). The amount in question in Defendant's case would result in conviction under 21 U.S.C. § 841(b)(1)(B)(iii) (2018), carrying a minimum penalty of five years imprisonment (ten years with enhancement) and a maximum term of 40 years (or life with enhancement). The mandatory minimum term of supervised release is reduced to eight years with the applicable enhancement. *Id.*

Defendant is eligible for a reduced sentence pursuant to the First Step Act. As elaborated below, this Court will exercise its discretion in consideration of all relevant factors.

## II. 18 U.S.C. § 3582 Modification of a Sentence of Imprisonment

A court "*may* modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]" 18 U.S.C. § 3582(c)(1)(B) (emphasis added). "A defendant need not be present" for a reduction of sentence under 18 U.S.C. § 3582(c).[3]

---

[3] The Court notes that contrary to Defendant's assertion, the 1998 Advisory Committee Note states that a court is permitted to "reduce or correct a sentence under [Fed. R. Crim. P. 35(b) or (c)] respectively, without the defendant being present," a reference to a proceeding under 18 U.S.C. § 3582(c)(1)(B), and the Note does not exclude subsection (c)(1)(B) from its analysis, which addresses "resentencing hearings conducted under 18 U.S.C. § 3582(c)," stating that the 1998 amendment "provides that a

6

Fed. R. Crim. P. 43(b)(4). Defendant argues that the First Step Act establishes a "freestanding remedy" that would not only allow this Court to conduct a "resentencing" hearing in his presence but require it. (Doc. No. 482 at 9-10.) Defendant contends that the language within Section 404(b) stating that a court may "impose a reduced sentence" stands for the proposition that a sentence reduction under the First Step Act is "entirely unlike" the type of sentence modification described by the Supreme Court in its *Dillon* opinion. (*Id.* at 11-14.) In *Dillon*, the Supreme Court held that a proceeding under 18 U.S.C. § 3582(c)(2), which permits a modification of a sentence imposed within a Guidelines range that is later amended and made to apply retroactively, is not a "plenary resentencing." *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Defendant's interpretation would be difficult to reconcile with the overall concept of relief not previously available under the Fair Sentencing Act now being applied retroactively through the First Step Act because a vacated sentence cannot serve as the sentence from which a district court can apply a retroactive sentence reduction. *United States v. Maxwell*, 590 F.3d 585, 589 (8th Cir. 2010). Nothing in Section 404 indicates any intent by Congress to "wipe[] the slate clean" as would be the case where a sentence has been vacated. *Pepper v. United States*, 562 U.S. 476, 507 (2011).

---

defendant's presence is not required at such proceedings." Fed. R. Crim. P. 43, Advisory Committee Note (1998). Distinguishing a proceeding to impose a new sentence on remand under Fed. R. Crim. P. 35(a) from one to reduce a sentence under 35(b) or (c) makes sense in light of the fact that 35(a) calls for "correction" of an "illegal sentence," which cannot logically apply to a provision that makes a sentence reduction discretionary as is the case with Section 404 of the First Step Act.

Section 404 of the First Step Act "represents a congressional act of lenity" similar to the § 3582(c)(2) proceedings addressed in *Dillon* in that it permits, but does not require, sentence reductions. First Step Act § 404; *Dillon*, 560 U.S. at 828. Defendant's arguments attempting to distinguish proceedings under the First Step Act from those under 18 U.S.C. § 3582 not only ignore the obvious comparability to the proceeding described in *Dillon*, they also ignore the language of Section 404 itself. Subsection (c)(1)(B), like (c)(2), indicates the intent of Congress to authorize a court to modify a sentence at its discretion. See 18 U.S.C. § 3582(c)(1)-(2). Sentence modifications differ procedurally from sentencing and constitute a "limited adjustment to an otherwise final sentence." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). This comports with the language of Section 404 of the First Step Act, which expressly states that "a motion made under [Section 404]" is a motion "*to reduce a sentence*," and that nothing in Section 404 "shall be construed to require a court to *reduce a sentence* pursuant to this section." First Step Act, Sec. 404(c) (emphasis added). Read as a whole, it is clear that the language permitting a sentencing court to "impose a reduced sentence" under Section 404(a) is referring to a modification of an existing, previously imposed sentence as described in Section 404(c).

Federal sentencing statutes trump the Guidelines, restricting the term that can be imposed so that a sentencing judge cannot impose a sentence beyond the maximum and must impose at least the minimum prison term set forth in a statutory mandatory minimum. *Dorsey*, 567 U.S. 266-67. The changes in the applicable statutes would reduce Defendant's sentencing range under the Guidelines, resulting in a total offense

level of 24, which when combined with his CHC of IV would arrive at a range under the current Guidelines of 77 to 96 month's imprisonment and eight years' supervised release.[4] (Doc. No. 482 at 18-19; Doc. No. 483 at 11.) However, as he acknowledges, Defendant is subject to a statutory penalty range of ten years to life in prison under current law. (*Id.* at 17.)

As the 57-page sentencing transcript shows, this Court carefully considered Defendant's individual characteristics and circumstances when it imposed the original sentence of 240 months. The Court stated that a term of 240 months' imprisonment was disproportional and not necessary, albeit constitutional, to serve the sentencing goals set forth under 18 U.S.C. 3553(a). (Sentencing at 46.) The Court stated that even if Defendant had been facing an advisory range of 92 to 115 months under the Guidelines, his sentence should be "close to 168 months" out of a hypothetical statutory range of zero to 40 years' imprisonment, based upon its view of the relevant sentencing factors applied to Defendant "as an individual human being." (*Id.* at 48.)

The Court has again carefully reviewed the record, including Defendant's disciplinary record as summarized by Probation and Pretrial Services (Doc. No. 462) and Defendant's own submissions related to his progress since he began his sentence (Doc.

---

[4] The Court agrees with the Government that Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B) as authorized under Sec. 404 of the First Step Act. (Doc. No. 483 at 11; *see, e.g., United States v. Shelton*, 2019 WL 1598921, at *3 (D.S.C. Apr. 15, 2019) (collecting cases holding that § 3582(c)(1)(B) is the mechanism by which relief available under the First Step Act is implemented)). Due to the lack of clarity on the issue of whether any concomitant reduction in the Guidelines range would also implicate § 3582(c)(2) and USSG § 1B1.10, the Court's analysis is based on the statutorily required minimum, in keeping with § 3582(c)(1)(B).

No. 476, Ex. A-E). His accomplishments are commendable and significant, but the Court finds that its initial conclusions as to the appropriate term of imprisonment still generally apply after taking all relevant factors into account. These factors include the seriousness of the offense and the need for deterrence in addition to Defendant's individual characteristics and needs. The Court notes in particular that Defendant's personal history indicates he would continue to benefit from treatment and other support in the period following his release from prison, when he will have to test his newly developed strengths and skills against the pressures of re-entering society.

### III. Good Conduct Time

The First Step Act clarified the method to be used in calculating a prisoner's good conduct time (GCT) under 18 U.S.C. § 3624(b)(1), directing that under the amended statute a prisoner "may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of prisoner's sentence imposed by the court." First Step Act, Sec. 102(b)(1)(A)(i). While the previous wording of the statute likewise authorized the reduction of a term of imprisonment by as many as 54 days for every year served as a reward for good behavior, the calculation method employed by the Bureau of Prisons ("BOP") resulted in GCT of roughly 47 days per year. *Barber v. Thomas*, 560 U.S. 474, 479 (2010). This change to the calculation of GCT took effect on July 19, 2019, with the publication of the Risk and Needs Assessment System. First Step Act, Sec. 102(b)(2); U.S. Dept. of Justice, *The First Step Act of 2018: Risk and Needs Assessment System* (July 19, 2019) (avail. at https://www.nij.gov/documents/the-first-step-act-of-2018-risk-

and-needs-assessment-system.pdf). Pursuant to the First Step Act, the BOP is reviewing and recalculating sentences to reflect changes to prisoners' GCT. (*See* Inmate Locator.)

As noted above, a recent check of Defendant's record using the BOP's online inmate locator tool shows the same release date as was calculated under the previous method. The BOP's website states that inmates' release dates "may not be up-to-date," and that website visitors "should continue to check back periodically to see if any changes have occurred." *Id.* As of the date of this Order, 111 months and four days have passed since this Court committed Defendant to the custody of the BOP to serve his term of imprisonment. (Doc. No. 293.) According to Probation and Pretrial Services, Defendant had earned 894 days of GCT as of February 6, 2019. (Doc. No. 478 at 2.) The Court does not have all the information required to calculate Defendant's final release date but trusts that the BOP will recalculate this date in accordance with this Order.

## CONCLUSION

The Court is now able to modify Defendant's sentence to an appropriately reduced term of imprisonment and finds that such a reduction is warranted. No further argument or hearing is needed. Based upon the submissions of the parties, the Court having once more carefully reviewed the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Marcus James Neadeau's Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act (Doc. No. [482]) is **GRANTED**; and

2. Defendant's term of imprisonment is reduced to 168 months;

3. Defendant's term of supervised release is reduced to 8 years;

4. Upon his release, Defendant shall reside for a period of up to 120 days in a residential reentry center as approved by his probation officer and shall observe the rules of that facility; and

5. All other aspects of Defendant's sentence shall remain as originally imposed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: August 9, 2019
s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge